United States District Court
Western District of Texas
San Antonio Division

| | |
|---|---|
| **Arturo S. Lopez, Sr.,**<br>    Plaintiff,<br><br>    v.<br><br>**Frank Kendall, Secretary of the United States Department of Air Force; Daniel Peterson; Anthony Scharf; Isiah Thomas; Megan Corlew; and Charles Vaith.**<br><br>    Defendants. | Case No. 5:24-cv-387-OLG |

**Defendant's Motion to Dismiss**

Defendants Frank Kendall, Secretary of the United States Department of Air Force ("AF"), Daniel Peterson, Anthony Scharf, Megan Corlew, and Charles Vaith, move to dismiss Plaintiff Arturo Lopez's Complaint for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

### I.  Procedural and Factual Background

Proceeding pro se, Lopez filed a Complaint under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e. Doc. 1. Lopez claims that at an unspecified time, he reported "bad Aircraft Maintenance" and allegedly false maintenance records. Doc. 1 at 6. He also alleges that he participated in an investigation related to a Merit Systems Protection Board ("MSPB") case. Doc. 1 at 6. Allegedly in retaliation for those activities, Lopez contends that the AF barred his access to a military installation and that Defendant Isiah Thomas[1] issued the letter barring Lopez's access to the installation. Doc. 1 at 6. That prevented Lopez from accessing the installation to contest his garnished disability retirement benefits. Doc. 1 at 6. Lopez asserts that the AF garnished his benefits based on a "[f]alse [t]imecard [e]rror" and "[f]alse debt" created by the Comptroller's Finance Office. Doc. 1 at 6. To correct this "error", Lopez sought to visit Defendant Megan Corlew, who is allegedly a timekeeper with the AF. Doc. 1 at 6. In addition to

---

[1] The United States Attorney's Office does not represent Thomas.

**Motion to Dismiss** 1

Corlew and Thomas, Lopez names other individuals as defendants here, including Anthony Scharf, Daniel Peterson, and Charles Vaith, but does not mention if these individuals had any involvement in the events discussed in the Complaint.  Doc. 1.  Arguing that these individuals infringed his rights, liberties, and privileges, Lopez claims that they committed "[c]onstitutional torts" against him and violated 42 U.S.C. § 1983.  Doc. 1 at 7.  Lopez also asserts that these individual defendants engaged in "discriminatory reprisal actions."  Doc. 1 at 7.

## II. Legal Standards

Defendants move to dismiss the Amended Complaint under Rule 12(b)(1).  "Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case."  *Ramming v. United States*, 281 F.3d 158 (5th Cir. 2001).  "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. … Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist."  *Id.*  "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  *Id.* at 161.

## III. The Court lacks jurisdiction over Lopez's claims.

Lopez appears to challenge (1) his denied access to the AF base; and (2) the garnishment of his disability benefits.  The Court does not have jurisdiction to review Lopez's challenges for two reasons: (1) the political-question doctrine bars the Court's review of whether the AF properly barred Lopez's access to its base; and (2) the Office of Personnel Management ("OPM") has the sole authority to administer federal retirement benefits.

First, the issue of whether the AF properly denied Lopez access to its base presents a nonjusticiable political question.  "The nonjusticiability of political questions is founded on the doctrine of separation of powers, whether a matter has been committed to another branch of government by the Constitution."  *Dickson v. Ford*, 521 F.2d 234, 235 (5th Cir. 1975).  "At its core, the political question doctrine excludes from judicial review those controversies which

revolve around policy choices and value determinations constitutionally committed for resolution to the halls of Congress or the confines of the Executive Branch." *Spectrum Stores, Inc. v. Citgo Petroleum Corp.*, 632 F.3d 938, 949 (5th Cir. 2011) (internal quotation marks omitted). "In *Baker v. Carr*, the Supreme Court set forth the seminal test for analyzing whether a claim presents a political question." *Id.* "The Court outlined six factors, any one of which is sufficient to indicate the presence of a nonjusticiable political question:"

> 1. a textually demonstrable constitutional commitment of the issue to a coordinate political department; or 2. a lack of judicially discoverable and manageable standards for resolving it; or 3. the impossibility of deciding without an initial policy determination of a kind clearly for nonjudicial discretion; or 4. the impossibility of a court's undertaking independent resolution without expressing lack of the respect due coordinate branches of government; or 5. an unusual need for unquestioning adherence to a political decision already made; or 6. the potentiality of embarrassment from multifarious pronouncements by various departments on one question.

*Id.* (internal quotation marks omitted).

Here, the first factor alone is sufficient to establish the presence of a nonjusticiable political question. "The dominant consideration in any political question inquiry is whether there is a textually demonstrable constitutional commitment of the issue to a coordinate political department." *Id.* at 950 (internal quotation marks omitted). The analysis begins with the plain text of the Constitution. Article I of the Constitution provides "[t]he Congress shall have Power [t]o raise and support Armies,"[2] "[t]o make Rules for the Government and Regulation of the land and naval Forces," and "[t]o make all Laws which shall be necessary and proper for carrying into Execution the foregoing Powers." U.S. Const. art. I. And "[t]he President shall be Commander in Chief of the Army and Navy of the United States, and of the Militia of the several States." U.S. Const. art. II, § 2, cl. 1. In turn, the Congress has given the Secretary of the Air Force "the authority necessary to conduct, all affairs of the Department of the Air Force, including [a]dministering [and t]he construction, maintenance, and repair of buildings, structures,

---

[2] "The reference in the Constitution to the Army and Navy is understood to include the Air Force and other units of the military services." *Fisher v. United States*, 402 F.3d 1167, 1176 n.8 (Fed. Cir. 2005).

**Motion to Dismiss** 3

and utilities and the acquisition of real property and interests in real property necessary to carry out the responsibilities specified in this section." 10 U.S.C. § 9013. Based on the Constitution's plain language, the Supreme Court has held, "[t]he control of access to a military base is clearly within the constitutional powers granted to both Congress and the President." *Cafeteria & Rest. Workers Union, Loc. 473, AFL-CIO v. McElroy*, 367 U.S. 886, 890 (1961). Consistent with *McElroy*, the Fifth Circuit held, "matters implicating . . . military affairs are generally beyond the authority or competency of a court's adjudicative powers." *Lane v. Halliburton*, 529 F.3d 548, 559 (5th Cir. 2008).

The binding precedent clearly indicates "[j]udicial review of" the AF's decision to deny Lopez's access to its base "would intrude onto critical areas reserved to the Legislative and Executive Branches of government by the Constitution." *Smith v. Halliburton Co.*, No. CIV.A. H-06-0462, 2006 WL 2521326, at *6 (S.D. Tex. Aug. 30, 2006). As Lopez's challenged denied access "clearly concern[s] control of access to a military base," this represents a classic "military judgment[] that [is] textually committed to the political branches of government." *Loquasto v. Fluor Corp., Inc.*, 512 F. Supp. 3d 728, 737 (N.D. Tex. 2021). If the Court allows this case to proceed, "the Court would have to assess the soundness of military judgments related to [denying Lopez] base access and the propriety of his [denied] admission. These are military decisions related to control over base access. Thus, they are insulated from judicial review." *Id.* at 738.

The second *Baker* factor also weighs in favor of showing a political question. "[T]here is a lack of judicially discoverable and manageable standards to resolve this case." *Id.* "If the Court were to undergo the inquiries into military judgment identified above, it would have to decide which military judgments are sound and which are not." *Id.* "For example, the Court would have to assess the military's weighing of the potential risks associated with approving [Lopez] for base access against its interest in [security] efforts. In addition, the Court would have to decide whether the military's screening procedures for [the Air Force's] entry points are

**Motion to Dismiss**                                                                                                         4

reasonable. But the Court lacks the expertise and standards necessary to make these determinations." *Id.* (internal quotation marks omitted).

"Indeed, [Lopez does] not cite, and the Court is not aware of, any standard in statutes, case law, or otherwise by which the Court could evaluate whether military conduct is reasonable." *Id.* "For example, the Court is aware of no standards by which it could evaluate which [Lopez] should or should not have been approved for base access, let alone whether the military should have allowed [Lopez] base access despite his [needs to see a counselor]. Likewise, there are no judicially manageable standards to evaluate the reasonableness of the military's daily security screenings." *Id.* Lopez's challenge to his denied access "will require an inquiry into the soundness of military decisions related to base-access privileges and security screening. There is a lack of judicially discoverable and manageable standards for the Court to determine the reasonableness of such decisions." *Id.* "Thus, this case presents a political question under the second *Baker* factor. Political questions are nonjusticiable, and the Court lacks subject-matter jurisdiction." *Id.*

Second, Lopez appears to challenge the garnishment of his disability retirement benefits.[3] Lopez was removed from his AF position in November 2017 because he falsified a government document when he applied for his position. Ex. 1. The Court does not have jurisdiction to review Lopez's claims regarding his disability retirement benefits. "Under the Civil Service Retirement Act, the OPM is the determiner and administrator of benefits to retired employees." *Deville v. Kirby*, No. A-13-CA-363-SS, 2013 WL 12394365, at *1 (W.D. Tex. June 21, 2013). Under the Act, "an administrative action or order affecting the rights or interests of an individual or of the United States [regarding disability retirement benefits] may be appealed to the Merit Systems Protection Board under procedures prescribed by the Board." 5 U.S.C. § 8347(d)(1). "If the employee is dissatisfied with the MSPB's decision, he may ordinarily appeal to the Court

---

[3] Lopez asserts that the garnishment was in "error" but does not argue that this decision was based on any protected characteristics under Title VII. Doc. 1. Instead, he claims that the agency garnished his benefits based on timecard and credit report errors. Doc. 1.

**Motion to Dismiss**                                                                                     5

of Appeals for the Federal Circuit." *Deville*, 2013 WL 12394365, at *1. Here, Lopez has not brought his claim to the MSPB or the Court of Appeals for the Federal Circuit. "Based on Congress's decisions, this Court lacks jurisdiction to hear [Lopez's] claims."[4] *Id.*

### IV. Lopez does not have standing sue individual defendants.

As noted, Lopez names as defendants several individuals, including Daniel Peterson, Anthony Scharf, Megan Corlew, and Charles Vaith. Doc. 1. To the extent that Lopez brings his claims under Title VII, the only proper defendant is Kendall as the head of the AF. "Under Title VII . . . the proper defendant is the head of the department, agency, or unit, as appropriate." *Honeycutt v. Long*, 861 F.2d 1346, 1349 (5th Cir. 1988) (internal quotation marks omitted). Thus, the named individual defendants are not proper parties to Lopez's Title VII claims. The Court should dismiss them as parties to the Title VII claims.

Lopez also lacks standing to sue those individuals. "Federal courts have jurisdiction only over 'cases' or 'controversies.'" *Williams v. Parker*, 843 F.3d 617, 620 (5th Cir. 2016) (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997)). "There is no case or controversy without standing to sue. . . . Standing is a threshold issue that we consider before examining the merits." *Id.* "To demonstrate standing," plaintiffs have a burden to "show (1) that they suffered an injury in fact, which is a concrete and particularized invasion of a legally protected interest; (2) that the injury is traceable to the challenged action of the defendant; and (3) it is likely, rather than merely speculative, the injury will be redressed by a particular decision." *Id.* (alteration in original) (internal quotation marks omitted). "Claimed injuries in fact must be fairly traceable to the actions of the defendant." *Id.*

"If the party invoking federal jurisdiction fails to establish any one of injury in fact, causation, or redressability, then federal courts cannot hear the suit." *Id.* at 621. "The constitutional limits on standing eliminate claims in which the plaintiff has failed to make out a case or controversy between himself and the defendant." *Gladstone Realtors v. Vill. of Bellwood*,

---

[4] Alternatively, the AF is not the correct defendant because OPM, not the AF, manages and administers retirement benefits.

**Motion to Dismiss**  6

441 U.S. 91, 99 (1979).  Here, Lopez fails to meet the causation element because other than Isiah Thomas[5] who allegedly issued the debarment letter, Lopez fails to allege that the other named individuals engaged in any action causing the debarment or the garnishment of Lopez's disability benefits.  Except naming those individuals as defendants, Lopez simply fails to allege what action those individuals took against Lopez or what role they had in any of the challenged actions.  Doc. 1.  Thus, Lopez fails to show that his alleged injury is "fairly traceable to the actions of" the named individuals.  *Williams*, 843 F.3d at 620.  The Court should dismiss the individuals named as defendants from this action.

## V. Conclusion

For the foregoing reasons, the Court should dismiss the Complaint for lack of subject matter jurisdiction.[6]

---

[5] As to Thomas, the alleged injury caused by Thomas will not be redressed by a particular decision.  The injury allegedly caused by Thomas is the deprivation of Lopez's access to a military installation.  But the Court does not have jurisdiction to review the military's control of access to its installations for the reasons stated above.

[6] Defendants asks that if the Court disagrees with this Motion and finds jurisdiction, Defendants be granted an opportunity to move to dismiss the Complaint under Rule 12(b)(6) for failure to state a claim.

**Motion to Dismiss**                                                                                                                           7

Date: June 14, 2024                                      Respectfully submitted,

                                                         **Jaime Esparza**
                                                        United States Attorney

                          By:    *Huiju Jeon*
                                                        **Huiju Jeon**
                                                        Assistant United States Attorney
                                                        New York State Bar No. 5447792
                                                        U.S. Attorney's Office
                                                        601 NW Loop 410, Ste 600
                                                        San Antonio, Texas 78216
                                                        (210) 384-7315 (phone)
                                                        (210) 384-7312 (fax)
                                                        Huiju.jeon@usdoj.gov

                                                        **Attorneys for Defendant**

## Certificate of Service

      I certify that on June 14, 2024, I electronically filed this document with the Clerk of Court using the CM/ECF system. I also served a copy of this document on Plaintiff by certified mail and email.

                                                         /s/ *Huiju Jeon*
                                                        **Huiju Jeon**
                                                        Assistant United States Attorney